R. Joseph Trojan, CA Bar No. 137,067
Trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
Dang@trojanlawoffices.com
Francis Z. Wong, CA Bar No. 284,946
Wong@trojanlawoffices.com
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Plaintiff
Voxx Products

TROJAN LAW OFFICES
BEVERLY HILLS

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| VOXX PRODUCTS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED WHEEL COMPONENTS, INC., a California corporation,<br><br>Defendant. | **Case No. 8:26-cv-2170**<br><br>**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Voxx Products ("Plaintiff" or "Voxx"), for its Complaint against Defendant Allied Wheel Components, Inc. ("Defendant" or "Allied Wheel"), alleges as follows:

## I.    NATURE OF THE ACTION:

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

2. Plaintiff owns United States Design Patent No. D904,965 (the "'965 Patent" or the "Patent-in-Suit"), entitled "Six Spoke Wheel Cap," which duly and legally issued on December 15, 2020.

3. Defendant makes, uses, offers for sale, and/or sells wheel caps, including as installed on wheel rim assemblies, that infringe the '965 Patent, without authorization from Plaintiff.

4. Despite receiving actual notice of its infringement by way of a cease-and-desist letter served on May 19, 2026, Defendant has continued, and continues to this day, to make, use, offer for sale, and sell the infringing products, rendering its infringement willful.

## II.    THE PARTIES:

5. Plaintiff Voxx Products is, and at all relevant times has been, a corporation organized and existing under the laws of the State of California, with its principal place of business at 16425 Ishida Ave, Gardena, California 90248.

6. On information and belief, Defendant Allied Wheel Components, Inc. is a corporation with its principal place of business and a regular and established place of business at 12300 Edison Way, Garden Grove, California 92841, within this District.

## III.    JURISDICTION AND VENUE:

8. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant maintains its principal place of business and a regular and established place of business in this District, regularly conducts and solicits business in this District, and has committed acts of infringement in this District, including offering for sale and selling the

TROJAN LAW OFFICES
BEVERLY HILLS

-1-

infringing products to customers in this District through its interactive commercial website and other channels of trade.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because, on information and belief, Defendant resides in this District and has a regular and established place of business in this District at 12300 Edison Way, Garden Grove, California 92841, and has committed acts of infringement in this District.

11. Venue is proper in the Southern Division of this District because Defendant has its principal place of business in the Southern Division.

## IV.    THE PATENT-IN-SUIT:

12. Barry Horlick is the named inventor of the ornamental design claimed in United States Design Patent No. D904,965, entitled "Six Spoke Wheel Cap."

13. The '965 Patent duly and legally issued from the United States Patent and Trademark Office on December 15, 2020, from Application No. 29/708,536, filed October 7, 2019.

14. The '965 Patent is valid and, since its issuance, has been owned by Plaintiff Voxx Products, which is identified on the face of the patent as both the applicant and the assignee.

15. A true and correct copy of the '965 Patent is attached hereto as Exhibit A and incorporated herein by reference.

16. The '965 Patent claims "[t]he ornamental design for a six spoke wheel cap, as shown and described," as depicted in Figures 1 through 6 of the patent.

17. Plaintiff has, at all relevant times, complied with the marking requirements of 35 U.S.C. § 287, and/or provided Defendant with actual notice of its infringement no later than May 19, 2026.

## V.    DEFENDANT'S INFRINGING ACTIVITY:

18. On information and belief, Defendant makes, uses, imports, offers for sale, and/or sells wheel caps that embody the patented design claimed in the '965 Patent (the "Accused Products"), including but not limited to the six-spoke wheel cap sold as part of Defendant's "802GB Ascent Gloss Black" wheel, offered for sale at:

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

https://racelinewheels.com/collections/truck-suv/products/802gb-ascent-gloss-black, and other confusingly similar wheel cap products sold under Defendant's RaceLine Wheels brand.

19. A side-by-side comparison of the patented design and the Accused Products demonstrates that the Accused Products embody the same overall visual impression as the claimed design, including a six-spoke configuration with spokes of substantially the same shape, contour, and proportion, the same center hub geometry, and the same overall ornamental appearance, such that an ordinary observer, giving such attention as a purchaser usually gives, would be deceived into believing that the Accused Products are the same as the patented design. See *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc) ("[T]he 'ordinary observer' test should be the sole test for determining whether a design patent has been infringed.").

20. As an example of the infringing Accused Products, the Defendant's Raceline 802GB cover is compared to the '965 Patent in the context of the prior art below:

Prior Art D722,545:        Prior Art D782,387:



Accused Cover:                    Patented Cover:





-3-

TROJAN LAW OFFICES
BEVERLY HILLS

21.　The visual comparison in Paragraph 20, supra, demonstrates that Defendant copied Plaintiff's patented design.  The prior art is provided above to illustrate the context in which the infringement occurs.  The unique features of the patented design that stand out from the prior art designs are the exact features that the Defendant has chosen to lavishly copy.   The choice of prior art above is not Plaintiff's choice; it is the prior art that Defendant insisted be used for the infringement analysis.  Defendant's choice of prior art only re-enforces the fact that Defendant has copied the most distinctive feature of the patented design relating to the sloping surfaces of the prongs that extend outward from a central hub.

22.　On May 19, 2026, Plaintiff sent a cease-and-desist letter to Defendant.  After an exchange of e-mails and letters between counsel for the Parties, Defendant informed Plaintiff on July 29, 2026 that it did not have any intention of complying with the cease-and-desist letter, thereby resulting in the filing of this lawsuit.

23.　On information and belief, Defendant has not complied with Plaintiff's demands, and has continued, and continues to this day, to make, use, offer for sale, and/or sell the Accused Products.

24.　On information and belief, Defendant sells the Accused Products together with, or as a component of, wheel rims, such that the wheel caps and the rims with which they are sold together constitute a "functional unit" analogous to components of a single assembly forming a complete wheel, within the meaning of *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538 (Fed. Cir. 1995) (en banc), such that sales of such rims are convoyed sales for which Plaintiff is entitled to recover damages.

25.　Defendant's continued infringement after receiving actual notice of the '965 Patent and Plaintiff's infringement allegations on May 19, 2026, has been, and continues to be, willful, deliberate, and in conscious disregard of Plaintiff's patent rights.

### VI.　SOLE COUNT FOR INFRINGEMENT OF
### U.S. DESIGN PATENT NO. D904,965.

26.　Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

-4-

27. Plaintiff is, and at all relevant times has been, the owner of all right, title, and interest in and to the '965 Patent, including the right to sue for and recover damages for infringement thereof.

28. Defendant has infringed, and continues to infringe, directly and/or indirectly, the '965 Patent in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling, without authority, wheel caps and wheel/rim products embodying the patented design, including but not limited to the Accused Products.

29. Defendant's infringement of the '965 Patent has been, and continues to be, willful. Defendant has no reasonable excuse for its willful infringement thereby making this case an exceptional case for which Plaintiff is entitled to treble damages and attorney fees under 35 U.S.C. §§ 284 and 285.

30. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, damage and irreparable injury for which Plaintiff has no adequate remedy at law, unless Defendant's infringing acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

31. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and continues to suffer, monetary damages in an amount to be proven at trial, and Plaintiff is entitled to recover Defendant's total profit attributable to the infringement as measured by the sale of the Accused Products and convoy sales pursuant to the special design patent damages provision contained in 35 U.S.C. § 289, or, in the alternative, damages adequate to compensate for the infringement, including lost profits and convoyed sales, but in no event less than a reasonable royalty, pursuant to 35 U.S.C. § 284.

### VII.    PRAYER FOR RELIEF:

WHEREFORE, Plaintiff Voxx Products respectfully requests that this Court enter judgment in its favor and against Defendant Allied Wheel Components, Inc. as follows:

A. A judgment that Defendant has infringed United States Design Patent No. D904,965;

B. A judgment that Defendant's infringement has been willful and this is an exceptional case;

TROJAN LAW OFFICES
BEVERLY HILLS

C.    A preliminary and permanent injunction enjoining Defendant, its officers, directors, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from further infringement of the '965 Patent, including making, using, offering for sale, selling, or importing the Accused Products;

D.    An order requiring Defendant to recall and destroy all infringing products, packaging, advertising, and website content depicting or offering the Accused Products;

E.    An award to Plaintiff of Defendant's total profit derived from the sale of the Accused Products, including profits derived by convoy sales, pursuant to 35 U.S.C. § 289, or, in the alternative, damages adequate to compensate Plaintiff for Defendant's infringement, including lost profits and convoyed sales, which is estimated at not less than $5,000,000;

F.    An order trebling the actual damages pursuant to 35 U.S.C. § 284 based on the exceptional nature of the infringement in which Defendant has no reasonable excuse for its conduct;

G.    A declaration that this is an exceptional case under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

H.    An award of pre-judgment and post-judgment interest and costs of suit; and

I.    Such other and further relief as this Court deems just and proper.

## VIII.   DEMAND FOR JURY TRIAL:

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
by:

Dated: August 10, 2026

/s/R. Joseph Trojan
R. Joseph Trojan, CA Bar 137,067
Dylan C. Dang, CA Bar 223,455
Francis Z. Wong, CA Bar No. 284,946
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

**Attorneys for Plaintiff**
**Voxx Products, a California Corporation**

TROJAN LAW OFFICES
BEVERLY HILLS